UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM GARCIA MIRANDA, A-246-590-623,

                Petitioner,

    v.

WARDEN,

                Respondent.

No.  1:26-cv-2200-DC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner William Garcia Miranda is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court appointed counsel, who filed a first amended petition. (ECF No. 15.) The first amended petition is fully briefed with respondent's answer and petitioner's reply. (ECF Nos. 16, 17.) For the reasons set forth below, the undersigned recommends the petition be denied.

**I.      Background**

Petitioner is a citizen of Cuba who has been ordered removed to Cuba. (See ECF No. 15, generally.) In the first amended petition, petitioner asserts his detention without a bond hearing since January 28, 2026, violates his rights under the Immigration and Nationality Act (INA) (claim one) and the Due Process Clause of the Fifth Amendment (claim two). (Id.) At the time of

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

1

filing the first amended petition, petitioner also filed a motion for a temporary restraining order. (ECF No. 18.)

Under respondents' evidence, petitioner was ordered removed from the United States by an immigration judge on April 29, 2026, and both petitioner and the government waived appeal of that decision. (ECF No. 16-1.) On June 8, 2026, the district court judge assigned to this case, Judge Coggins, denied the motion for temporary restraining order via minute order. (ECF No. 21.) Judge Coggins held petitioner's "order of removal became final less than ninety days ago such that he is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(1)(A)." (Id.)

**II.      Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III.      Discussion**

Noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," id., § 1231(a)(6). The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Zadvydas, 533 U.S. at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

The 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

////

> (iii) If the alien is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).[2]

An order of removal becomes "administratively final" within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i) when "the agency's review proceedings" are complete. See Johnson v. Guzman Chavez, 594 U.S. 523, 535 (2021). That occurred on April 29, 2026, when petitioner was ordered removed from the United States by an immigration judge and both petitioner and the government waived appeal of that decision. (ECF No. 16-1.) Absent the circumstances in subsections (ii) or (iii) occurring, the removal period expires 90 days later, on July 28, 2026. The presumptively reasonable six-month period under Zadvydas expires on October 29, 2026.

Petitioner argues the removal order is not administratively final because his waiver of appeal was not knowing and voluntary. (ECF No. 17 at 3.) Absent evidence that petitioner's removal order is being judicially reviewed, however, the court must find the removal order is administratively final. See 8 U.S.C. § 1231(a)(1)(B). Detention during the 90-day removal period pursuant to § 1231(a)(2)(A) passes constitutional scrutiny. Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004). Petitioner is not entitled to a bond hearing under 8 U.S.C. § 1226 as asserted in the first amended petition, because that section applies to noncitizens detained pending a decision on whether they are to be removed from the United States. 8 U.S.C. § 1226; see Padilla-Ramirez v. Bible, 882 F.3d 826, 833 (9th Cir. 2017) (8 U.S.C. § 1226(a) has no application to a noncitizen "subject to an order of removal that is, by all appearances, administratively final").

The posture of petitioner's detention has not changed since Judge Coggins' ruling on the motion for temporary restraining order. The petition should be denied because petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

////

---

[2] The Ninth Circuit has described this provision as "inartfully drafted, as one cannot say when the 'latest' of the three events will occur until those events have either taken place or it is known that they can no longer ever take place." Prieto-Romero v. Clark, 534 F.3d 1053, 1060 n. 5 (9th Cir. 2008)

3

**IV.     Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.   Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.

2.   The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 24, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mira2200.mer

4